IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO M. BOGAN,

     Plaintiff,

v.

     Case No. 24-cv-2377-MAB

SERGEANT IRWIN,

     Defendants.

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Antonio M. Bogan, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. In the Complaint, Bogan alleges that Sergeant Irwin acted with deliberate indifference in failing to remedy the conditions of Bogan's cell.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Bogan makes the following allegations: In September 2023, while at Shawnee, correctional staff moved Bogan from Cell A-13 to A-65 (Doc. 1, p. 20). Upon entering the cell, Bogan noticed that the cell was filthy (*Id*.). He alleges that the walls were covered in feces, the sink contained soap scum, saliva, and mucus, there was trash everywhere, old food trays lying around, and dust in the vents (*Id*.). He also noted feces on the floor, toilet, and bunk (*Id*.). The cell was infested with spiders, ants, and other insects (*Id*.). He also noted pornographic pages throughout the cell and balled up toilet paper in various locations throughout the cell (*Id*.). Bogan alleges the cell smelled of death and lacked fresh air due to a broken window that would not open (*Id*.).

After examining the cell, Bogan contacted Sergeant Irwin, who at the time was the five-day wing officer (*Id*.). He asked that porters be ordered to clean the cell or that he be provided with cleaning supplies to clean the cell on his own (*Id*.). Irwin denied his request, noting that the porters did not work for the inmates and inmates were not allowed access to cleaning supplies (*Id*. at pp. 20-21). Bogan requested that the window in his cell be fixed so that he could get fresh air, but Irwin also denied this request (*Id*. at p. 21). Bogan tried to clean the cell on his own with a broom and his own body soap, shampoo, and laundry detergent, but those items were not able to disinfect the cell (*Id*.). He remained in the cell for nine months until a rainstorm caused his cell to flood with black water (*Id*.). After his cell flooded, Bogan was finally moved to another cell.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:**   **Eighth Amendment conditions of confinement claim against Sergeant Irwin for housing Bogan in a dirty and unsanitary cell.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Bogan has alleged a viable conditions of confinement claim against Irwin. *See Vinning-El v. Long,* 482 F.3d 923, 924 (7th Cir. 2007) (collecting cases). Bogan alleges that he informed Irwin of the conditions of his cell, but Irwin failed to clean the cell or provide Bogan with the means to clean the cell himself. Thus, Count 1 shall proceed against Irwin.

## Disposition

For the reasons stated above, Count 1 shall proceed against Sergeant Irwin.

The Clerk of Court shall prepare for Defendant Sergeant Irwin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Bogan. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Bogan, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Bogan, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Bogan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2024**

**/s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**